UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL MUTHEE MUNYWE,

                Petitioner,

    v.

ROB JACKSON,

                Respondent.

CASE NO. 3:23-cv-05965-TSZ-BAT

**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**

Petitioner has filed a motion (1) requesting the Court sanction Respondent for indicating it would be appropriate to stay and abey this federal habeas matter, and (2) opposing any stay in this matter. Dkt. 11.

The Court **DENIES** the motion for sanctions. Dkt. 11. The Court ordered Respondent to file a response regarding whether this matter should be stayed and thus declines to penalize Respondent for doing so. Petitioner argues the Court should sanction Respondent for filing a frivolous and misleading brief, and that there is no basis to stay this matter because he has exhausted the two grounds he presents for federal habeas relief:

    Mr. Munywe was denied a fair trial by an impartial jury as guaranteed by Sixth Amendment to the United States Constitution when State Courts Failed to Excuse an Unfit Juror.

ORDER DENYING PLAINTIFF'S MOTION
FOR SANCTIONS - 1

        Mr. Munywe was denied a fair trial and was unfairly prejudiced in violation of the Sixth Amendment when Trial Court commented on the evidence during trial.

*Id.* at 6 and 11.

      The Court rejects Petitioner's claim there is no basis to stay this action. This is because Petitioner avers in his habeas petition that he is still litigating **other** grounds for relief, that are currently pending in the state courts. This includes the July 22, 2022, Washington Criminal Rule 7.8 motion Petitioner filed in the Pierce County Superior Court requesting a "resentencing" on the ground "the current judgment and sentence is facially invalid for using a null and void special verdict to and an enhancement and offender score and many more years into Mr. Munywe's sentences." *Id.* at 3. This also includes the May 22, 2023, personal restraint petition (PRP) Petitioner filed in the Washington Court of Appeals raising the following grounds: actual innocence; insufficient evidence for unlawful imprisonment; state law speedy trial rights violation; denial of fair trial by 4th, 5th, 6th and 14th amendment rights and Miranda rights; ineffective assistance of counsel and prosecutorial misconduct." Dkt. 6 at 4.  Petitioner states "Both the 1st and 2nd Petitions have not yet been decided and are still pending in the Superior Court and Court of Appeals." *Id.* at 5.

      To the extent Petitioner will seek federal habeas relief on the grounds that are still pending, a stay would be appropriate. Otherwise, if Petitioner proceeded solely on the two grounds for relief currently asserted, he may be barred from later filing a second or successive petition seeking relief based upon the grounds that are currently pending in the state courts.

      Because it is unclear to the Court whether Petitioner wishes to proceed knowing he may be barred from filing a second or successive federal habeas petition that seeks to raise the grounds currently pending in the state courts, the Court ORDERS:

ORDER DENYING PLAINTIFF'S MOTION
FOR SANCTIONS - 2

1. For the reasons above Petitioner's motion for sanctions in DENIED. Dkt. 11.

2. Petitioner shall advise the Court whether he wishes to proceed solely on the two grounds for relief that are presented in the habeas petition (Failure to excuse a juror and the trial court comment on the evidence violated the Sixth Amendment) knowing that a second or successive federal habeas petition that seeks to raise the pending state grounds for relief might be barred.

3. Plaintiff shall advise the Court by filing a notice no later than January 11, 2024 whether he wishes to proceed or whether he wishes the Court to consider staying the matter.

4. The Court shall address a briefing schedule once the issue of whether a stay should be ordered is resolved.

5. The Clerk shall provide a copy of this order to the parties.

DATED this 28th day of December, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR SANCTIONS - 3